# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE ORTIZ,<br>Plaintiff,<br>vs.<br>COLE,<br>Defendant. | 1:14cv00637 DLB PC<br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br>(Document 19) |

Plaintiff Enrique Ortiz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed a motion for the appointment of counsel on January 28, 2015.

Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331.

Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Moreover, it does not appear that Plaintiff is unable to adequately articulate his claim.

Therefore, Plaintiff's request for the appointment of counsel is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **January 30, 2015**

/s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE