UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE ORTIZ,<br><br>            Plaintiff,<br><br>     v.<br><br>COLE,<br><br>            Defendant. | Case No.: 1:14-cv-00637 AWI DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br>(Document 25)<br><br>THIRTY-DAY OBJECTION DEADLINE<br><br>ORDER REGARDING DEFENDANT'S MOTION TO STRIKE<br>(Document 33) |

Plaintiff Enrique Ortiz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on March 19, 2014. Pursuant to the Court's screening order, this action is proceeding against Defendant Cole for violation of the Eighth Amendment and assault and battery under state law.

Defendant filed this motion for summary judgment on May 7, 2015, based on Plaintiff's failure to exhaust his administrative remedies.[1] Plaintiff filed his opposition on May 18, 2015, and Defendant filed his reply on May 26, 2015. The motion is ready for decision pursuant to Local Rule 230(l).

---

[1] Defendant provided Plaintiff with the required notice for opposing a motion for summary judgment.

1

I.     **MOTION TO STRIKE**

Plaintiff filed a surreply on June 10, 2015, and Defendant moved to strike the filing on June 18, 2015.

Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired.  Local Rule 230(l).  The Court generally views motions for leave to file a surreply with disfavor.  Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)).  However, district courts have the discretion to either permit or preclude a surreply.  See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

Plaintiff's surreply does not change the outcome of this motion, but it does raise an argument that the Court will address.  Accordingly, Defendant's motion is DENIED.  Defendant requested that if the Court considered Plaintiff's argument, that he be permitted to brief the issue.  However, additional briefing is unnecessary.

In his surreply, Plaintiff argues for the first time that the PLRA does not apply to people civilly committed under the Sexually Violent Predator Act ("SVPA").  Cal. Wel. & Instit. Code § 6600, et seq.  He states that the PLRA does not apply to him, though he does not specifically state that he is civilly committed, nor does he provide evidence of such commitment.  To the contrary, Plaintiff states that he is "serving a prison term of [sic] sex offense."  ECF No. 32, at 2.

Pursuant to the California Department of Corrections and Rehabilitation's ("CDCR") website, Plaintiff is currently incarcerated at the California Correctional Institution in Tehachapi, California.[2]

---

[2]  The Court may take judicial notice of publically available information on a government website.  Fed. R. Evid. 201; Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998-99 (9th Cir. 2010); Siebert v. Gene Security Network, Inc., 75 F.Supp.3d 1108, 1111 n.2 (N.D.Cal. 2014).

At the time of the events at issue, he was incarcerated at Avenal State Prison ("ASP").  Plaintiff did, and continues to have, a CDCR number.  Plaintiff is therefore in the custody of CDCR, not the Department of State Hospitals.  Indeed, the Court is aware of no situation where a civil detainee would be housed in a state prison.

The Court also notes that all appeals cited by Defendant in support of this motion filed during the relevant time period were submitted on Inmate/Parolee Appeal Forms (CDCR 602), and answered in the manner that inmate appeals are generally answered, i.e., by CDCR employees.  Plaintiff also repeatedly refers to himself as an "inmate."

Given these facts, there is no evidence that Plaintiff is civilly committed.  To the extent that Plaintiff suggests that the fact that he may be subject to the SVPA after his prison sentence, this does not change the nature of his confinement at the time of the events at issue.  Plaintiff is a prisoner and the PLRA is applicable.[3]

## II.   LEGAL STANDARD

The failure to exhaust is subject to a motion for summary judgment in which the court may look beyond the pleadings.  Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014).  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

Defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172.  If Defendants carry this burden, the burden of production shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  Id.  This requires Plaintiff to "show more than the mere existence of a scintilla of evidence."  In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing

---

[3] The Court presumes that if Defendant knew that Plaintiff was not subject to the PLRA, he would not have brought this motion.  If there are unknown circumstances that change Plaintiff's situation, Defendant should raise them during the objection period.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)). "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

### III.   SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on January 29, 2013, Defendant Cole carried out a threat against him and slammed him head-first into a wire-glass window. After the incident, Plaintiff ran to Sgt. Ross. He contends that Defendant Cole and Sgt. Ross did nothing.

### IV.   UNDISPUTED MATERIAL FACTS

During the relevant time period, January 28, 2013, through March 19, 2014, Plaintiff submitted three appeals that were accepted and adjudicated at the First and Second Level of Review by the Office of Appeals at ASP. Donaldson Decl. ¶ 8, Ex. 8. One appeal, ASP-M-13-00105, accepted on January 28, 2013, alleged that Correctional Officer Marmolejo used profane language on January 28, 2013. Donaldson Decl. ¶ 9, Ex. 1; Voong Decl. ¶ 11, Ex. 2.[4] The other two appeals, ASP-M-00560 and ASP-M-02093, related to access to the law library and a slip and fall, respectively. Donaldson ¶ 9, Ex. 3, 4.

During this time, Plaintiff also submitted three appeals that were screened out at the First Level of Review. Two of these appeals were ADA requests and the third related to mailing of Plaintiff's legal work. Donaldson Decl. ¶ 10, Ex. 5, 6.

Of the three appeals accepted at the First or Second Level of Review, two were adjudicated at the Third Level of Review, ASP-M-00105 and ASP-M-00560. Voong Decl. ¶ 8, Ex. 2, 3. ASP-M-00105 alleged that Officer Marmolejo used profane language on January 28, 2013. Voong Decl. ¶¶ 9,

---

[4] In his declaration, K. Donaldson cites Exhibit 2 as evidence of appeal ASP-M-00105. However, Exhibit 2 is appeal ASP-M-00035, which Plaintiff withdrew at the First Level of Review. That appeal alleged that on January 10, 2013, Officer Viramontez addressed him in a derogatory manner. Donaldson Decl. Ex. 1, 2. Any error is not material, however, as Plaintiff's inmate appeal in ASP-M-00105 is attached to the Declaration of M. Voong. Voong Decl., Ex. 2. The error is also immaterial because neither appeal exhausted Plaintiff's claim against Defendant Cole.

4

11, Ex. 2. ASP-M-00560 concerned Plaintiff's allegations against staff in the law library. Voong Decl. ¶¶ 9, 12, Ex. 3.

Plaintiff did not file any appeal related to the January 29, 2013, event involving Defendant Cole. Donaldson Decl. ¶ 11; Voong Decl. ¶ 10.

## V. DISCUSSION

### A. Exhaustion of Constitutional Claim

#### 1. *Appeals Process*

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. During the relevant times, a prisoner must proceed through an initial informal level and three formal levels of review, culminating in a third-level decision. Cal. Code Regs. tit. 15, § 3084.5. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

#### 2. *Analysis*

It is undisputed that Plaintiff did not file *any* appeal related to his allegations against Defendant Cole at any level. He therefore did not receive a Third Level decision on the issue in this litigation. The burden now shifts to shifts to Plaintiff to demonstrate circumstances that made the administrative remedy procedure unavailable.

Plaintiff fails to carry this burden. In his opposition, he states that he tried to report the incident involving Defendant Cole when he informed Sgt. Ross of the assault. Plaintiff contends that the assault "officially became known to Sergeant Ross," and that Sgt. Ross was under an obligation to report the use of excessive force pursuant to the California Code of Regulations, Title 15, section 3268.3(A). Plaintiff argues that Defendant Cole, a witness to the assault, and Sgt. Ross all failed to report the incident. The reporting requirements of CDCR employees, however, have nothing to do

with Plaintiff's duty to exhaust. Therefore, the fact that Plaintiff told employees does not exhaust his claim.

Plaintiff also cites to a letter that he sent to the Chief of Inmate Appeals related to the assault. The letter is attached as an exhibit to Plaintiff's complaint in Ortiz v. ASP, 1:13-cv-00959 AWI SAB.[5] The letter is addressed to the Chief of Inmate Appeals and sets out Plaintiff's argument in appeal of the Second Level denial of ASP-M-13-00105. Again, this appeal involved an alleged assault by Officer Marmolejo. 1:13-cv-00959 AWI SAB, ECF No. 1, at 27-29. Although Plaintiff mentions the alleged assault by Defendant Cole and suggests it was a retaliatory attack, he does so in appealing the decision related to the incident involving Officer Marmolejo. Plaintiff cannot properly exhaust by inserting claims during the review process. See Sapp v. Kimbrell, 623 F.3d 813, 825 (9th Cir.2010) (concluding that it was proper for prison officials to "decline[ ] to consider a complaint about [plaintiff's] eye condition that he raised for the first time in a second-level appeal about medical care for a skin condition.").

Accordingly, the Court finds that Plaintiff has not exhausted his administrative remedies for his excessive force claim against Defendant Cole.

B.      State Law Claim

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all

---

[5] Plaintiff initially filed the allegations in this action in 1:13-cv-00959. After screening the First Amended Complaint, the Court found that Plaintiff stated an excessive force claim against Defendant Marmolejo and Defendant Cole, but that the claims were not properly joined in the same action. Plaintiff then filed this action for his claims against Defendant Cole. His claims against Defendant Marmolejo remained in 1:13-cv-00959 and Defendant's motion for summary judgment is pending.

claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966); see also Parra v. PacifiCare of Az., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

As the Court has found that Plaintiff's federal claim should be dismissed as unexhausted, it will not exercise supplemental jurisdiction over his state law assault and battery claim.[6]

### VI.     FINDINGS AND RECOMMENDATIONS

For the reasons set forth above, the Court HEREBY RECOMMENDS that Defendant's motion for summary judgment be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE for failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections must be filed within fourteen (14) days from the date of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 27, 2015**                            /s/ Dennis L. Beck
                                                                  UNITED STATES MAGISTRATE JUDGE

---

[6] Defendant also argues that Plaintiff's state law claim m is not exhausted.  However, while this may be true, Defendant has not presented any evidence on the issue.